```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
                                  :
ROBERT VIDAL                      :
HOLGER OCANA                      :
                                  :
v.                                :  CIV. NO. 3:12CV248 (MPS)
                                  :
METRO-NORTH COMMUTER              :
RAILROAD COMPANY                  :
                                  :
                                  :
```

RULING ON PLAINTIFFS' MOTION TO COMPEL [DOC. #47]

This action is brought by plaintiffs Robert Vidal and Holger Ocana, alleging discrimination in employment on the basis of their Hispanic ethnicity, when they were denied acceptance into the Maintenance of Equipment Promotion-To-Foreman Training Program (the "FIT Program"), by their employer Metro-North Commuter Railroad Company, an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. Pending is plaintiffs' Motion to Compel responses to their First Set of Interrogatories and Requests for Production of Documents [Doc. #47].

A telephone conference was held on January 23, 2013, at the request of plaintiffs, seeking an interim ruling on discovery objections to Interrogatory Nos. 7, 8 and 9 in advance of the settlement conference. The Court overruled defendant's objections to interrogatories 7 and 8, as follows. Defendant was ordered to state the number of people accepted into the FIT Program in 2007 and the number of Foreman positions filled in

1

2007. The ruling was without prejudice to plaintiffs' requesting further information if defendant asserts a more extensive lack of mitigation affirmative defense. Objections to interrogatory 9 were overruled as follows. Defendant was ordered to state the number of people who completed the FIT Program for the years 2003-06 and the number of Foreman positions filled in 2003-06.

A settlement conference was held on January 31, 2013. At the conclusion of the conference the parties met with the Court to resolve the remaining discovery issues raised in the motion to compel. This ruling and order memorializes the order of the Court and the agreement of the parties.

1. General Objections Incorporated in Each Response

Defendant's interrogatory responses to Nos. 2, 7, 8, 9 and 13 incorporate by reference all of the substantive general objections (eight in total), stating, "In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." [Doc. #47-2, Defendant's Supplemental Objections and Responses dated December 3, 2012].  Defendant will specify which of the "General Objections" it relies on for Interrogatories 2, 7, 8, 9, 13 and 14. Defendant will provide supplemental responses within seven (7) days.

Before defendant files its supplemental responses the Court is compelled to comment generally on the use of "General Objections" and other boilerplate discovery objections. Defendant repeats the same verbiage into each interrogatory

2

response, using the familiar boilerplate phrase that each and every request is "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence" and further that it relies on an unspecified "General Objection."  The frustration expressed by plaintiff with respect to defendant's non-specific objections is shared by this Court and, quite frankly, only serves to increase litigation expenses on motion practice, potentially extend deadlines for completion of discovery unnecessarily and delay resolution of cases.  "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Maresco v. Evans Chemetics Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, (1978)).  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B). "Motions to compel made pursuant to Fed. R. Civ. P. 37 are "entrusted to the sound discretion of the district court."  United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000). "The grounds for objecting to any interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4).  "[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answer[ing] no interrogatories . . . are a

3

paradigm of discovery abuse." Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D> 477, 478 (S.D.N.Y. 2009). A party resisting discovery has the burden of showing "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, . . . submitting affidavits or offering evidence revealing the nature of the burden." Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (citation omitted).

Defendant is cautioned that continued failure to follow the Federal Rules of Civil Procedure with respect to making specific objections to discovery demands may result in the imposition of sanctions and/or payment of costs.

### 2. Interrogatory Nos. 13 & 14

Interrogatory 13: State the factual basis for the assertion that the CHRO "unreasonably delayed in acknowledging its lack of jurisdiction."

Interrogatory 14: State the factual basis of the assertion that "[t]he EEOC and Department of Justice unreasonably delayed processing plaintiffs' administrative charges after the CHRO finally acknowledged that it lacked jurisdiction."

Defendant provided identical responses to these interrogatories as follows:

> Subject to and without waiving the General Objections, Defendant states that Plaintiffs improperly filed charges with the CHRO, an agency which statutorily lacked jurisdiction over their claims, pursuant to Conn. Gen. Stat. 16-344(a).

4

> since the CHRO never had jurisdiction over Plaintiffs' claims, Plaintiffs' filings with the CHRO were void ab initio.  Plaintiffs' failure to timely and diligently pursue their appropriate administrative remedies solely before the EEOC resulted in extraordinary delays in the administrative processing of their charges of discrimination to Defendant's detriment.
>
> Defendant's ability to defend itself in this action has been damaged by the delay caused by Plaintiffs' defective filing with the CHRO which led directly to further delays before the EEOC and Department of Justice. Plaintiffs failed to request right-to-sue letter in a timely manner, so it has now been over six years since the events occurred about which plaintiffs claim.

Plaintiffs seek further clarification regarding the alleged conduct by plaintiffs, the CHRO, the EEOC and the DOJ that supports defendant's laches defense.  Defendant contends that it has answered the interrogatories and that plaintiffs are aware of the timeline associated with the administrative process.  If there is anything further, defendant may supplement the responses and provide further information regarding the "factual basis" for its defense within seven days.

   3.  <u>Request for Production 10</u>

On January 8, 2013, defendant stated in response to plaintiffs' motion to compel that it had produced all responsive documents and referenced the Bates numbered documents produced. [Doc. #57].  On reply, plaintiffs stated that defendant's response was "improper and confusing." [Doc. #60 at 3]. At the conference, plaintiffs did not explain how the production was insufficient under the Federal Rules. If there are no other responsive documents, after a good faith effort to locate them,

5

defendant will so state under oath and withdraw its objection.

Accordingly, plaintiff's motion to compel request for production 10 is moot on this record.

CONCLUSION

Accordingly, plaintiffs' Motion to Compel **[Doc. #47]** is **GRANTED** as set forth in this ruling and the Court's interim ruling dated January 23, 2013. [Doc. #62]. Defendant's supplemental discovery responses are due in seven (7) days. Defendant's response to Request for Production 10 is due in fourteen (14) days.

Plaintiff's Motion to Compel request for production 10 is moot on this record.

The parties are reminded of their on-going duty to supplement or correct disclosures or responses under Fed. R. Civ. P. 26(e).[1]

The parties are encouraged to contact chambers to schedule

---

[1] Fed. R. Civ. P 25(e) Supplementing Disclosures and Responses.

(1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;

a conference, if any issues arise that may impact the deadlines set in this ruling/order.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this  28th day of March 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE